UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

DENISE ADAMS,

                Plaintiff,

    v.                                     08 Civ. 4834 (BSJ)(MHD)
                                       **Memorandum & Order**

SUPERINTENDENT ADA PEREZ, NEW YORK
STATE DEPARTMENT OF CORRECTIONAL
SERVICES, DR. JEFFREY NORWOOD,

                Defendants.

-------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Denise Adams ("Plaintiff") commenced this action on May 23, 2008 alleging causes of action pursuant to 42 U.S.C. § 1983 against Superintendent Ada Perez ("Perez"), the New York State Department of Correctional Services ("DOCS"), and Dr. Jeffrey Norwood ("Norwood") (collectively "Defendants"). Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedural 12(b)(1) and 12(b)(6). For the reasons that follow, Defendants' Motion is GRANTED.

## BACKGROUND[1]

    Plaintiff is an inmate at the Bedford Hills Correctional Facility in New York. (Compl. at 1.) On January 7, 2008, Plaintiff slipped and fell in the inmate shower room. (Compl. at

---

[1] The facts described are taken from Plaintiff's Complaint and are assumed to be true for the purposes of this motion only.

1

3.) There were no rubber mats on the shower floor at the time of Plaintiff's fall. (Compl. at 3.) Plaintiff was taken to the prison medical unit where she was admitted into the infirmary overnight (Compl. at 3.) The next day, x-rays were taken of Plaintiff's injuries. (Compl. at 3.)

On January 17, 2008, Plaintiff returned to the emergency clinic of the medical unit because she was suffering severe pain in her lower back and hip. (Compl. at 3.) Plaintiff was provided with pain medication. (Compl. at 3.) Plaintiff's pain persisted and on January 22, 2008, she returned to the nurse's screening station and requested to see a doctor; Dr. Norwood prescribed Plaintiff some medication. (Compl. at 3.) On January 24, 2008, Plaintiff had an appointment with Dr. Norwood, at which time she informed him of her fall, told him that she has hardware in her left hip, and complained that she is suffering from constant pain. (Compl. at 3.) Dr. Norwood prescribed Plaintiff a muscle relaxer called Flexerall. (Compl. at 3.) On January 31, 2008, Plaintiff returned to the nurse's screening station due to continued pain in her lower back; Dr. Norwood prescribed the Plaintiff Feldine. (Comp. at 3.) Plaintiff asserts that the Feldine is not helping with her pain, and that Dr. Norwood refuses to order an MRI and refer Plaintiff to a pain doctor. (Compl. at 3.)

Subsequent to her fall, Plaintiff filed a grievance with the Bedford Hills Inmate Grievance Office regarding the lack of mats on the floor of the inmate shower stalls.[2] (Compl. at 4.) Grievance forms provided by Plaintiff reflect that her complaint as to the shower mats was "granted," and "[a]ll showers should be provided with mats for safety of all inmates." (Compl. at 9.) Plaintiff alleges, however, that there are still no rubber mats in the shower stalls. (Compl. at 4.)

On May 23, 2008, Plaintiff filed the instant Complaint alleging causes of action pursuant to 42 U.S.C. § 1983 against Defendants DOCS, Perez, and Norwood. Plaintiff alleges that Defendant Perez violated her constitutional rights by acting with deliberate indifference in failing to provide shower mats and by stating that shower mats would be provided and then failing to do so. (Compl. at 5.) Plaintiff alleges that Defendant Norwood violated her constitutional rights by failing to provide her adequate medial treatment after her fall. (Compl. at 3.) Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.

**LEGAL STANDARD**

A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if a Plaintiff "fail[s] to state a

---

[2] Although not entirely clear from Plaintiff's Complaint, it appears that the grievance Plaintiff filed also contained a claim regarding the medical care she received after her fall. (Compl. at 9, 12.)

3

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Jenkins v. McKeithen, 395 U.S. 411, 422 (1969). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

**DISCUSSION**

I. Plaintiff's Conditions of Confinement Claims

Reading Plaintiff's Complaint broadly, Plaintiff alleges that Defendant Perez and DOCS violated her rights under the Eighth Amendment by: (1) failing to equip inmate showers with shower mats; and (2) promising to so equip inmate showers and then failing to do so, knowing that numerous inmates had been

4

and would continue to be injured by the slippery shower floors. Even assuming the truth of these allegations, Plaintiff has not stated a claim under 42 U.S.C. § 1983 and the Eighth Amendment for which relief can be granted.

The conditions of a prisoner's confinement can give rise to a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. See Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002). In such "conditions of confinement" cases, "a prisoner may prevail only where he proves both an objective element — that the prison officials' transgression was 'sufficiently serious'— and a subjective element — that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). With respect to the "objective" element, prisoners may not be denied "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). States must not deprive prisoners of their "basic human needs — e.g., food, clothing, shelter, medical care, and reasonable safety," and prison officials may not expose inmates to conditions that "pose an unreasonable risk of serious damage to [their] future health." Phelps, 308 F.3d at 185 (quoting Helling v. McKinney, 509 U.S. 25, 32, 35 (1993)) (internal quotation marks omitted). In terms of the subjective component,

"the Supreme Court has explained that 'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. at 185-86 (quoting Farmer, 511 U.S. at 837). "This 'deliberate indifference' element is equivalent to the familiar standard of 'recklessness' as used in criminal law." Id. at 186.

In this case, Plaintiff's Eighth Amendment claim based on the shower conditions at Bedford Hills fails because Plaintiff cannot satisfy the objective element — that Defendants' transgression was "sufficiently serious." Courts have repeatedly held that a failure on the part of prison officials to provide shower mats does not rise to the level of a constitutional violation. See Kirby v. Ky. Corr. Psychiatric Center, No. 98-6419, 1999 WL 1021736, at *2 (6th Cir. Nov. 2, 1999) (stating that plaintiff "presented no evidence that he was denied basic human needs or was otherwise subjected to cruel and unusual punishment by virtue of the absence of shower mats and railing"); White v. Watson, No. 7:08-cv-00527, 2008 WL 4533998, at *1 (W.D. Va. Sept. 29, 2008) (holding that Plaintiff had not alleged any facts showing that the condition at issue, "the lack

6

of a shower mat or water on the floor, amounted to or caused a deprivation of any basic human need"); Brown v. Goord, No. 04-CV-6233T, 2006 U.S. Dist. LEXIS 16513, at *5 (W.D.N.Y. Apr. 5, 2006) (holding that "plaintiff cannot establish the objective standard of his deliberate indifference claim, that his fall in the shower was 'sufficiently serious such that [he] was denied the minimal civilized measure of life's necessities'" and stating that "[i]t is well settled that 'failure to provide shower mats does not rise to the level of constitutional violation'"); Sylla v. City of New York, No. 04-cv-5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (stating that "[c]ourts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners"); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (holding that "failure to provide shower mats does not rise to the level of a constitutional violation within the meaning of Section 1983 and, thus is not actionable"); Williams v. Dillon, No. 93-3127-DES, 1993 WL 455442, at *1 (D. Kan. Oct. 28, 1993) (explaining that "[e]ven if the absence of a shower mat contributed to plaintiff's fall, it would still fail to evidence the kind of condition proscribed under the eighth amendment"). Thus, even assuming Defendants were aware that inmate showers were not equipped with rubber mats — both before Plaintiff filed her grievance and after Plaintiff's grievance was granted —

7

Plaintiff is not entitled to relief because Defendants' transgression was not "sufficiently serious." Accordingly, as a matter of law, Plaintiff has not stated a claim under 42 U.S.C. § 1983 based on the conditions of her confinement.

## II. Plaintiff's Medical Treatment Claims

Plaintiff additionally asserts an Eighth Amendment claim based on the allegedly insufficient medical treatment she received after her fall. Plaintiff's grievances with respect to her medical care appear to include both Dr. Norwood's failure to send Plaintiff for an MRI and Dr. Norwood's failure to refer Plaintiff to a pain specialist. Contrary to Plaintiff's assertions, however, neither of these allegations amounts to a violation of the Eighth Amendment.

In the context of medical care, maintenance of an Eighth Amendment claim requires a Plaintiff to show that a defendant acted with deliberate indifference toward the plaintiff's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000). "It is well established that a difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." Joyner v. Greiner, 195 F. Supp. 2d 500, 504 (S.D.N.Y. 2002); see Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). As long as "the treatment given is adequate, the

fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment Violation." Chance, 143 F.3d at 703.

In this case, Plaintiff's Complaint indicates that she has received significant medical attention since her fall. After Plaintiff fell she was transported to the prison's medical unit for care. (Compl. at 3.) She was admitted to the infirmary overnight and x-rays were taken of her injuries. (Compl. at 3.) Since being discharged from the infirmary, Plaintiff has received at least four prescriptions for her pain and seen Dr. Norwood on at least three occasions. (Compl. at 3.) Thus, it is clearly not the case that Defendants' are ignoring Plaintiff's medical needs. Additionally, the two specific treatments Plaintiff requests — an MRI and referral to a pain specialist — have repeatedly been held to constitute a disagreement regarding course of treatment, a situation that is not actionable under the Eighth Amendment. See, e.g., Joyner, 195 F. Supp. 2d at 505 (stating that "[w]hether an MRI should have been done 'is a classic example of a matter for medical judgment' as to the appropriate course of treatment and is not actionable under the Eighth Amendment"); Stevens v. Goord, 535 F. Supp. 2d 373, 386 (S.D.N.Y. 2008) (explaining that "referral to a . . . specialist, falls into the category of disputes regarding choice of treatment, which do not provide the basis

9

for a constitutional claim"); Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2008 WL 3152963, at *5 (S.D.N.Y. Aug. 5, 2008) (instructing that "[d]isagreements over medications, diagnostic techniques, . . . forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim"); Veloz v. New York, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004) (finding a medical provider's decision not to provide an inmate stronger medication for back pain amounted to a disagreement over a treatment plan, which does not implicate the Eighth Amendment). Thus, the Court finds that Plaintiff has not stated a claim against Defendants for deliberate indifference toward her medical needs.

Accordingly, because the Court finds that Plaintiff has failed to allege any constitutional violations, her claims pursuant to 42 U.S.C. § 1983 are without merit, and Plaintiff's case must be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above,[3] Defendants' Motion to Dismiss in GRANTED. Because no further issues remain in this action, the Clerk of the Court is directed to the close the case.

---

[3] Because the Court finds that Plaintiff has not alleged any actions that amount to a constitutional violation, the Court need not address any of Defendants' additional arguments for dismissal.

10

**SO ORDERED:**

*[signature]*

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         February 26, 2009

11